Anthony O. Egbase (SBN 181721)
Kevin Tang (SBN 291051)
Crystle Lindsey (SBN 281944)
**A.O.E. Law & Associates | A Professional Law Corporation**
World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071
Telephone (213) 620-7070 Facsimile (213) 620-7070
Email: info@aoelaw.com
Attorney for Debtor: Gwendowlyn Ann Burroughs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE<br><br>Gwendowlyn Ann Burroughs<br><br>　　　　Debtor | Chapter 13<br><br>Case No. 4:12-bk-45623<br><br>**AMENDED APPLICATION FOR COMPENSATION BY COUNSEL FOR THE DEBTOR**<br><br>**Hearing**<br>**Date: September 23, 2016**<br>**Time: 11.00 AM**<br>**Place: 1300 Clay Street, Courtroom 215**<br>**Oakland, California 94612**<br>**Judge: Hon. Charles Novack** |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE:**

AOE Law & Associates ("Applicant"), counsels for the debtor, Gwendowlyn Ann Burroughs ("Debtor"), files its Amended Application for Compensation by Counsel for the Debtor ("Application") hereby moves this court pursuant to 11 U.S.C. 330(a)(1)(A) and (B), B.L.R. 9029-1 and Order re Payment of Attorney's Fees in Chapter 13 Case.

Applicant requests approval of compensation for the actual, necessary services rendered by Applicant and for reimbursement for actual, necessary expenses and respectfully represents the following:

# I

# INTRODUCTION

1. **Debtor:** The above-captioned case was commenced by the Debtor by filing of a voluntary Chapter 13 petition on July 2, 2012.

2. **Retainer:** Debtor retained the services of Applicant in July 26, 2012. Debtor paid Applicant pre-petition retainer totaling $4,800.00. The retention agreement executed by and between Applicant and the Debtor provides the attorney hourly rate as $375.00, postage to be reimbursed at cost and copy expenses to be reimbursed at $0.10 per page.

3. **Current Period of Compensation:** In the course of representing the Debtor Applicant incurred the following fees and expenses during the time period September 12, 2012, through February 6, 2013. Applicant performed the services generally described in this Application and in the Declaration of Crystle J. Lindsey In Support of Application for Compensation by Counsel for the Debtor filed herewith.

4. **Compensation Statement:** Applicant has not entered into any agreement to share any compensation awarded with any other person; the source of the award will be estate funds. Except for payments from the estate to the extent approved by the Court, no payments have been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with this case.

5. **Case Billing:** In order to comply with the Court's Guidelines regarding project billing, Applicant has listed the fees incurred in the applicable categories for billing purposes. These are

identified on Applicant's true and correct copy of Applicant's timesheets attached to the Declaration of Crystle J. Lindsey in Support as Exhibit A filed concurrently hereto and incorporated herein by reference.

## II

## STATUS OF DEBTOR'S CASE

On July 2, 2012, the debtor filed the instant Chapter 13 Bankruptcy case. The debtor also filed her Chapter 13 Plan. The 341(a) meeting was held on August 2, 2012 with debtor and applicant in attendance. The Debtor has filed all schedules and is in full compliance with all reporting and administrative requirements established by the Chapter 13 Trustee. On March 6, 2013, the Debtor's Chapter 13 Plan was confirmed by the court. Debtor is in compliance with making her regular monthly Plan payments pursuant to her Chapter 13 confirmed Plan.

## III

## SUMMARY OF SERVICES

The services rendered by Applicant are set forth in detail in Exhibit "A" attached hereto, and they are summarized as follows:

1. **MOTION TO VALUE**

On August 1, 2012, Applicant prepared and filed Debtor's Second Amended Chapter 13 Plan. On August 2, 2012, the Chapter 13 trustee filed its Objection to Confirmation of Second Amended Chapter 13 Plan & Request for Dismissal on the grounds that the Debtor failed to file a Motion to Value to value Citi Mortgage's lien on Debtor's property.

On September 5, 2012, Applicant prepared reviewed and filed debtor's Motion to value her real property, valuing debtor's property at $135,000.00 based on a verified appraisal report obtained by the Debtor on July 2012.

On September 17, 2012, Applicant received and reviewed Citibank's objection to debtor's valuation motion on the grounds that Debtor's Plan proposes to reduce Creditor's secured claim to a secured value of $135,000.00. However, on June 17, 2012, Creditor obtained a BPO valuing the Subject Property at $151,280.00, an amount which is $16,000.00 greater than the valuation being claimed by Debtor.

On February 6, 2013, Applicant negotiated, discussed and agreed on a stipulation with Citibank regarding treatment of its secured claim in the Debtor's Chapter 13 Plan. Among the terms of the Stipulation, the parties agreed that the Creditor would have a secured claim in the principal amount of $142,500.00 which would be paid through the Chapter 13 Plan and a total unsecured claim of $129, 236.21.

As a result of the said Stipulation on the Motion to Value, on February 13, 2013, Citibank withdrew its objection to the confirmation of Debtor's Chapter 13 Plan. On February 19, 2013, the Chapter 13 Trustee also withdrew its objection to the confirmation of debtor's Chapter Plan.

On February 8, 2013, the court entered the order approving said stipulation. The terms of the stipulation were incorporated into debtor's fourth Amended Plan. On February 26, 2013, the matter was taken off the court's calendar. On March 6, 2013, the court entered the order confirming debtor's Chapter 13 Plan.

## 2. **MOTION TO DISMISS**

On October 12, 2012, Applicant received and reviewed the Motion to dismiss debtor's case filed by the Chapter 13 Trustee on the grounds of a material default in making the required payments to the Chapter 13 Trustee for debtor's Plan payments. Applicant conferred with the Debtor and prepared Debtor's response to the motion to dismiss.

On November 19, 2012 Applicant prepared reviewed and filed debtor's opposition to the

Chapter 13 Trustee's Motion to Dismiss debtor's case. Based on debtor's opposition and compliance with the Chapter 13 Trustee's requirements, the Motion to Dismiss was withdrawn by the Chapter 13 Trustee on November 28, 2012.

### 3. COURT APPERANCE

The Firm represented the Debtor at court hearings, Applicant has responded to document requests, drafted amendments to schedules, reviewed debtor's tax payments and other issues, all involving substantial correspondence with the Court, opposing counsels and the office of the Chapter 13 Trustee.

On October 25, 2012, counsel prepared for and appeared at the hearing on Debtor's motion to value. The hearing was continued to allow time for discovery and discussion regarding the Motion to Value. The hearing was continued to November 29, 2012. Applicant prepared and appeared at the continued hearing on behalf of the Debtor. The hearing was further continued to allow time for creditor Citibank to obtain appraisal of debtor's property.

On January 10, 2013, Applicant prepared and appeared at the continued hearing. The court continued the hearing to allow time for creditor Citibank to review and accept debtor's offer regarding the motion to value her real property. On February 14, 2013, Applicant prepared for and appeared at the continued hearing. At the hearing the court considered the stipulation agreed on by both parties and gave its ruling approving said stipulation resolving the objections to debtor's motion to value her real property and the matter was taken off the court's calendar as being resolved and concluded.

## IV

## CONCLUSION

On September 8, 2016, this Amended Application was emailed to the Debtor with the

– 5 –
**APPLICATION FOR FEES**

disclosure required by the Bankruptcy Court for the Northern District of California. A true and correct copy of the email sent to the Debtor with the required disclosure for the Bankruptcy Court for the Northern District of California is attached to the Declaration of Crystle J. Lindsey in Support as Exhibit B and incorporated herein by reference.

**WHEREFORE**, AOE Law & Associates prays for approval of compensation in the sum of $3,637.50, expenses of $75.25, for total compensation due to Applicant of $3,712.75, for the time period of September 12, 2012, through February 6, 2013.

Dated: September 8, 2016                                          Respectfully Submitted,

                                                                              A.O.E Law & Associates


                                                          By:    _Crystle J. Lindsey_____
                                                                 Crystle J. Lindsey
                                                                 Attorney for Debtor

# DECLARATION OF CRYSTLE J. LINDSEY IN SUPPORT OF APPLICATION FOR COMPENSATION BY COUNSEL FOR THE DEBTOR

I, Crystle J. Lindsey, hereby declare the following:

1. I am the attorney of record for the debtor, Gwendowlyn Ann Burroughs ("Debtor"), and admitted to practice before this Court. I am an associate with A.O.E Law & Associates ("Applicant").

2. I have read the Application for Compensation by Counsel for the Debtor filed concurrently herewith ("Application"). To the best of my knowledge and belief, formed after reasonable inquiry, the compensation sought in the Application is in conformity with the Northern District of California, United States Bankruptcy Court's January 1, 1997 "Guidelines for Compensation and Expense Reimbursement of Professionals." The compensation and expense reimbursement requested are billed at rates, in accordance with practices no less favorable than those customarily employed by the Applicant and generally accepted by Applicant's clients.

4. Applicants timesheets include two categories detailing the attorney fees and expenses incurred on behalf of the Debtor ("Timesheets").

5. The above-captioned case was commenced by the Debtor by filing of a voluntary chapter 13 petition on July 2, 2012.

6. The Debtor retained the services of Applicant with a retainer totaling $4,800.00.

7. In the course of representing the Debtor Applicant incurred fees and expenses during the time period September 12, 2012, through February 6, 2013. See attached Exhibit A herein.

8. Applicant has not entered into any agreement to share any compensation awarded with any other person; the source of the award will be estate funds. Except for payments from the estate to the extent approved by the Court, no payments have been made or promised to Applicant for

services rendered or to be rendered in any capacity whatsoever in connection with this case.

9. On September 8, 2016, this Amended Application was emailed to the Debtor with the disclosure required by the Bankruptcy Court for the Northern District of California.

**Motion to Value Debtor's Collateral**

10. Applicant incurred attorney fees of $2,325.00 and expenses of $70.32 regarding the Motion to Value Debtor's Collateral filed in Sept. 2012.

**Motion to Dismiss Debtor's Case**

11. Applicant incurred attorney fees totaling $300.00 and expenses of $4.93 prepare responses to the Chapter 13 Trustee's motion to dismiss the debtor's case.

**Court Appearance**

12. Applicant incurred attorney fees totaling $1,012.50 in preparing and attending hearings on debtor's Motion to Value her real property.

I declare under penalty of perjury under the law of the United States of America that these statements are true and correct

Dated: September 8, 2016                        Respectfully Submitted,

                                               A.O.E Law & Associates

                                           By:   _Crystle J. Lindsey_____

                                                     Crystle J. Lindsey
                                                     Attorney for Debtor

**APPLICATION FOR FEES**

# EXHIBIT A



350 South Figueroa Street Suite 189  
Los Angeles, CA 90071  
Phone: 213-620-7070  
Fax: 213-620-1200  
Email: info@aoelaw.com  
www.aoelaw.com  

Invoice # 7263  
Date: 07/26/2016  
Due On: 08/25/2016  

Mrs. Gwendowlyn Ann Burroughs

## Gwendowlyn Ann Burroughs Chapter 13

**Services**

| Date | Description | Hours | Rate | Time Keeper | Total |
|---|---|---|---|---|---|
| 09/05/2012 | Motions: Prepared and reviewed Motion Setting Property | 2.50 | $300.00 | OA | $750.00 |
| 09/05/2012 | Motions: Received and review debtor's appraisal report to prepared motion to value debtor's property | 1.00 | $300.00 | OA | $300.00 |
| 09/06/2012 | Motions: Several telephone communications with debtor regarding preparation of motion to value | 0.30 | $300.00 | OA | $90.00 |
| 09/17/2012 | Motions: Received and reviewed opposition to motion to value filed by Creditor CitiMortgage Bank | 0.60 | $375.00 | AOE | $225.00 |
| 10/24/2012 | Court appearance: Prepare for hearing for motion to value (.30) Telephonic appearance at hearing on Motion to value(1.0) | 1.30 | $375.00 | AOE | $487.50 |
| 10/30/2012 | Motions: Received and reviewed Motion to dismiss debtor's case (.10) Telephone communication with debtor to review motion and to prepare response (.30) | 0.40 | $300.00 | OA | $120.00 |
| 11/19/2012 | Motions: Prepared brief in support of opposition to motion to dismiss debtor's case | 0.60 | $300.00 | OA | $180.00 |
| 01/10/2013 | Court appearance: Prepare for continued hearing on motion to value (.40) Telephonic appearance at hearing (1.0) | 1.40 | $375.00 | AOE | $525.00 |
| 02/06/2013 | Motions: Discussed and negotiated stipulation regarding Plan treatment of secured creditor's claim under debtors Chapter 13 Plan re Motion to value (.50) Received and reviewed stipulation (1.2) Reviewed stipulation with debtor (.70) | 2.40 | $375.00 | AOE | $900.00 |
| 02/06/2013 | Motions: Received and reviewed order on stipulation (.10) Telephone communication with debtor regarding court order (.10) | 0.20 | $300.00 | OA | $60.00 |
| | | | | **Hours Subtotal** | 10.7 |
| | | | | **Services Subtotal** | **$3,637.50** |

**Expenses**

| Type | Date | Description | Quantity | Time Keeper | Rate | Total |
|---|---|---|---|---|---|---|
| Expense | 09/05/2012 | Copy charges: Motion to value debtor's property | 1.00 | EE | $38.40 | $38.40 |
| Expense | 09/05/2012 | Postage charges: Motion to value debtor's case | 1.00 | EE | $25.52 | $25.52 |
| Expense | 09/17/2012 | Copy charges: Brief/Memorandum in Opposition to Motion to Value Collateral filed by creditor | 1.00 | EE | $3.60 | $3.60 |
| Expense | 11/19/2012 | Copy charges: Brief in support of motion to dismiss debtor's case | 1.00 | EE | $2.40 | $2.40 |
| Expense | 11/19/2012 | Postage charges: Brief in support of motion to dismiss debtor's case | 1.00 | EE | $2.53 | $2.53 |
| Expense | 02/06/2013 | Copy charges: Stipulation re plan treatment re motion to value | 1.00 | EE | $2.80 | $2.80 |
| | | | | **Expenses Subtotal** | | **$75.25** |

| Time Keeper | Hours | Rate | Total |
|---|---|---|---|
| Onyinye Anyama | 5.0 | $300.00 | $1,500.00 |
| Anthony O. Egbase | 5.7 | $375.00 | $2,137.50 |

| | |
|---|---|
| **Hours Total** | **10.7** |
| **Subtotal** | **$3,712.75** |
| **Total** | **$3,712.75** |

# Statement of Account

| Outstanding Balance | | New Charges | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|
| ( $0.00 | + | $3,712.75 | ) - ( | $0.00 | ) = | $3,712.75 |

# Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 7263 | 08/25/2016 | $3,712.75 | $0.00 | $3,712.75 |
| | | | **Outstanding Balance** | **$3,712.75** |
| | | | **Amount in Trust** | **$0.00** |
| | | | **Total Amount Outstanding** | **$3,712.75** |

# EXHIBIT B



Ebahi Ehichioya <ebahi@anthonyegbaselaw.com>

## Application for Compensation
1 message

**Ebahi Ehichioya** <ebahi@aoelaw.com>  Thu, Sep 8, 2016 at 2:12 PM
To: gaburr45@yahoo.com
Cc: Kevin Tang <kevin@anthonyegbaselaw.com>, Crystle Lindsey <crystle@anthonyegbaselaw.com>, Anthony Egbase <tony@anthonyegbaselaw.com>

Ms. Burroughs.

Please find enclosed the Amended Application for Compensation of AOE Law & Associates for Compensation and Expense Reimbursement for Debtor. The Court' Guidelines for Compensation and Expense Reimbursement of Professionals provide that we must provide you with a copy of our application for approval of compensation and reimbursement of expenses with a cover letter containing the following language:

*The Court's Guidelines for Compensation and Expense Reimbursement of Professionals and trustees provide that a debtor in possession, a trustee or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the estate professionals. We invite you to discuss any objections, concerns or questions you may have with us. The office of the United States Trustee will also accept your comments. The court will also consider timely filed objections by any party in interest at the time of the hearing.*

Thank you and please do not hesitate to call if you have any questions.

Regards

**EBAHI EHICHIOYA |**
A.O.E LAW & ASSOCIATES  | A PROFESSIONAL LAW CORPORATION
THE WORLD TRADE CENTER | 350 S.Figueroa Street. Suite 189 | LA, CA 90071
Tel. 213.620.7070| Fax 213.620.1200
* info@aoelaw.com  *  ebahi@aoelaw.com
NOTE: The information contained in this e-mail, including any attachments, may contain proprietary, privileged and confidential information. If you are not the intended recipient, you are hereby notified that any reading, use or dissemination of this message is strictly prohibited. If you have received this message in error, please immediately notify us by replying to this e-mail and delete this message from your system. Even though this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by AOE LAW & ASSOCIATES for any loss or damage arising in any way from its use.

 **Fee app-2.pdf**
140K